IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY LESTER and ROBIN LESTER,
husband and wife,

    Plaintiffs,

v.                                         Civil Action No. 5:17CV46
                                                             (STAMP)

C&J WELL SERVICES, INC.,
a corporation,
NOBLE ENERGY, INC.,
a corporation,
CONSOL ENERGY, INC.,
a corporation and
CNX GAS COMPANY, LLC,
a limited liability company,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING NOBLE ENERGY INC.'S MOTION FOR SUMMARY JUDGMENT,**
**AND DENYING AS MOOT PENDING MOTIONS IN LIMINE**

I. <u>Background</u>

This civil action was removed from the Circuit Court of Marshall County, West Virginia. The case arises out of injuries that plaintiff Timothy Lester ("Mr. Lester") allegedly received while operating his employer's water truck on County Route 26 ("CR 26") in Marshall County. Mr. Lester's employer was C&J Well Services, Inc. ("C&J"), a defendant in this civil action. Mr. Lester was driving the truck to deliver water to a gas well pad owned and operated by a joint venture consisting of defendants Noble Energy, Inc. ("Noble"), CONSOL Energy, Inc. ("CONSOL"), and CNX Gas Company, LLC ("CNX") and, collectively with Noble and CONSOL, the "joint venturers." C&J contracted with the joint

venturers to provide them with oil and gas field services, including the transportation, delivery, and removal of equipment and materials to and from the sites of the gas well pads operated by the joint venturers. There are two counts asserted in the complaint: Count I is a deliberate indifference claim against C&J, and Count II is a negligence claim against the joint venturers. Each count includes a claim for loss of consortium as to Mr. Lester's wife and co-plaintiff, Robin Lester. All proceedings against C&J have been stayed pending an order regarding exemption from the United States Bankruptcy Court for the Southern District of Texas. ECF No. 55. All claims against defendants CONSOL and CNX have been dismissed with prejudice by an agreed dismissal order with the plaintiffs. CONSOL and CNX had filed a motion for summary judgment, but that motion has been denied as moot pursuant to the dismissal order. Thus, the case is currently proceeding against only defendant Noble.

The complaint states that Mr. Lester was driving uphill on CR 26 at the same time two other drivers were operating tanker trucks hauling fluids to the joint venturers' well pads. The plaintiffs allege that Mr. Lester moved his truck as far to the right as possible to avoid oncoming traffic but was run off the road by the two tanker trucks coming from the joint venturers' well pads in the opposite direction. The complaint states that the roadway and shoulder of CR 26 collapsed, which caused Mr. Lester's truck to

2

roll over the guardrail and down a steep embankment, where the truck struck a tree.

The complaint also states that the joint venturers' traffic plan for CR 26 required drivers driving uphill to call ahead over their radios and drivers driving downhill to respond by yielding to the uphill drivers. The complaint alleges, however, that the two downhill drivers did not yield to Mr. Lester when Mr. Lester indicated over his radio that he was driving uphill towards the well pad. The plaintiffs allege that the downhill drivers' failure to yield to him is what caused him to run off the road.

The plaintiffs then allege that Mr. Lester sustained severe and permanent injuries as a result of the accident. The plaintiffs further allege that the joint venturers' traffic plan was dangerously deficient because it did not properly regulate the flow of heavy trucks on CR 26. Additionally, the plaintiffs allege that the joint venturers were negligent in the maintenance and repair of CR 26, which allowed the roadway and shoulder to become undercut, soft, and subject to collapse.

Noble filed a motion to dismiss the complaint, which this Court granted in part and denied in part. Noble is named in Count II of the complaint, which alleged that the joint venturers were negligent both in the maintenance and repair of CR 26 and in the formulation and implementation of a traffic control plan for CR 26. The plaintiffs based these allegations on two separate duties of

care. First, Count II alleged that the joint venturers had a duty to maintain and control CR 26 by virtue of the permits issued to them by the West Virginia Department of Transportation, Division of Highways (the "WVDOH"). Second, Count II alleged that the joint venturers had a duty under West Virginia law to provide Mr. Lester, an invitee, with a reasonably safe workspace. This Court granted the motion to dismiss as to any alleged duty of care owed by Noble to Mr. Lester as to CR 26 by virtue of permits to occupy the premises. This Court denied the motion to dismiss as to any alleged duty of care owed by Noble as to Mr. Lester by virtue of their independent contractor relationship.

Noble has now filed a motion for summary judgment, which is fully briefed and ripe for review.[1] For the following reasons, this Court grants Noble's motion for summary judgment.

## II. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>     (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or

---

[1] On May 7, 2018, the parties filed a stipulation of facts (ECF No. 110) pursuant to the scheduling order for this civil action. While many of the facts set forth in the stipulation are also set forth in the briefing for the motion for summary judgment, the Court has not considered the stipulation for the purposes of ruling on the motion for summary judgment because the stipulation is not a part of the briefing on the motion.

>     (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) ("Summary judgment 'should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the

law.'" (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Supreme Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. Discussion

A. Noble's Motion for Summary Judgment

Pursuant to this Court's order granting in part and denying in part Noble's motion to dismiss, the only remaining issue involving Noble is whether Noble could have owed Mr. Lester a narrow duty based upon his status as an independent contractor of Noble. In that order, this Court stated that whether Noble's duty as a premises owner extended to the site of the accident on CR 26 was an issue to be developed in discovery. Now, in its motion for summary judgment, Noble argues that it is undisputed that Mr. Lester's accident did not occur anywhere near Noble's premises. Noble states that the accident occurred at least one and a half miles

away from the access road off of CR 26 leading to Noble's property. Thus, Noble concludes that any duty it owed as a premises owner did not extend to the site on CR 26 where Mr. Lester's accident occurred.

The plaintiffs filed a response in opposition to Noble's motion for summary judgment, in which they argue that the motion should be denied as premature because it was filed nearly four months prior to the completion date for discovery. The plaintiffs attach to their response an affidavit from plaintiffs' counsel, William L. Frame ("Mr. Frame"), explaining that additional discovery is required. The plaintiffs indicate that they have not had an adequate opportunity to conduct meaningful discovery in this matter and that, to date, no depositions have been conducted. The plaintiffs conclude that Noble's "motion for summary judgment is really a request for reconsideration of the denial, in part, of its motion to dismiss." ECF No. 64 at 4. On the merits of the motion, the plaintiffs respond that the pleadings, the limited discovery conducted thus far, affidavits, and other matters of record demonstrate that there are genuine disputes as to material facts. The plaintiffs also argue that, regardless of whether Noble technically had "control" over CR 26, Noble still had a duty to use care to protect users of the road from foreseeable dangers caused by its operations along CR 26. The plaintiffs contend that there

7

can be little doubt that Noble anticipated or should have anticipated the danger resulting in the harm to Mr. Lester.

Noble filed a reply to the plaintiffs' response in opposition. In reply to the plaintiffs' contention that Noble's motion for summary judgment is premature, Noble argues that "the location of the accident on CR 26 relative to the location of Noble's property along CR 26 is what it is. No additional discovery is going to change those facts." ECF No. 67 at 3. Noble also contends that Rule 56(b) expressly states that summary judgment motions can be filed "at any time." Noble further contends that the plaintiffs' response to its motion for summary judgment identifies no facts or law supporting a claim of premises liability, and that the plaintiffs' counsel's Rule 56(d) affidavit does not identify any evidence that would create a genuine issue of material fact. Lastly, Noble contends that this case does not involve a "traffic control plan" or any duty of care arising out of affirmative conduct.

This Court finds that the motion for summary must be granted because the duty owed by Noble as a premises owner did not extend to the site on CR 26 where Mr. Lester's accident occurred. A premises owner does have a duty to provide an invitee, including an independent contractor, "a reasonably safe place in which to work" as well as a duty "to exercise ordinary care for the safety of person working there." Taylor v. Sears, Roebuck and Co., 437

8

S.E.2d 733, 736 (W. Va. 1993). However, West Virginia law is clear that no such duty of care exists as to property outside of the defendant's premises. See Conley v. Stollings, 679 S.E.2d 594, 598 (W. Va. 2009) ("[A] defendant [generally] cannot be held liable for a defective or dangerous condition of property which it does not own, possess, or control[.]" (quoting Andrick v. Town of Buckhannon, 421 S.E.2d 247, 251 (W. Va. 1992) (quoting Southland Corp. v. Superior Court, 203 Cal. App. 3d 656, 664 (1988)))).

In a case similar to the present one, patrons of a bank brought a personal injury action against the bank after they got into a car accident just after exiting the bank's parking lot. Malone v. WesBanco Bank, Inc., No. 14-1114, 2015 WL 5513776 (W. Va. Sept. 18, 2015). The bank patrons alleged that the bank owed a duty of care as to the public road abutting the bank's parking lot, but the Supreme Court of Appeals of West Virginia affirmed the circuit court's dismissal of the civil action against the bank. See id. at *3 (finding that the case should be dismissed despite the "petitioners' allegations that the parking lot lacked signage or security personnel, and that respondent was on notice of increased traffic due to an annual baseball tournament in the area"). The court held that "the law imposes no duty on a business owner for the traffic violation of a third-party occurring off of its property, and petitioners have presented no legal authority otherwise." Id.

The Supreme Court of Appeals of West Virginia reached the same conclusion in Barb v. Shepard University Board of Governors, No. 14-1115, 2016 WL 143302 (W. Va. Jan. 8, 2016), and Louk v. Isuzu Motors, Inc., 479 S.E.2d 911 (W. Va. 1996). In Barb, the court found that a university owed no duty of care to a student who was struck by a motor vehicle while crossing a crosswalk on a public roadway bisecting the east and west campuses of the university. See 2016 WL 143302, at *4 (finding that the university owed no duty of care as to the crosswalk where "there is no dispute in the record that the property where the accident occurred was owned by the State of West Virginia," and where the WVDOH maintained the road and controlled the crosswalk). In Louk, the court found that, for the purpose of a Walmart store's tort liability as a premises owner, Walmart's premises included its private access road but did not extend to the public road connected to the private access road. See 479 S.E.2d at 926 n.13 ("The collision at issue here occurred on Route 219/250 and not on those premises."). Thus, this Court must grant Noble's motion for summary judgment on the basis of the relevant West Virginia case law. The site of Mr. Lester's accident on CR 26, a public road, was over one mile from the entrance to Noble's property and, thus, cannot be considered part of Noble's property for the purposes of premises liability.

This Court also finds that the motion for summary judgment must be granted because the plaintiff has not provided sufficient

evidence in Mr. Frame's affidavit to show that additional discovery is merited under Federal Rule of Civil Procedure 56(d). Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> >
> > (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).[2]

"If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating 'that it could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a

---

[2]"The language of Rule 56(d) appeared in Rule 56(f) before amendments in 2010, but these amendments made no substantial change to the rule." McCray v. Md. Dep't of Transp., Md. Transit Admin., 741 F.3d 480, 484 n.2 (4th Cir. 2014).

11

party's opposition." Id. (citing First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1380 (D.C. Cir. 1988)). "The denial of a Rule 56(f) motion for extension should be affirmed where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Strag v. Bd. of Trustees, Craven Cmty. Coll., 55 F.3d 943, 954 (4th Cir. 1995).

"[T]o gain the benefit of Rule 56(d), the party opposing summary judgment must make a sufficient proffer: 'the proffer should be authoritative, it should be advanced in a timely manner, and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment.'" In re PHC, Inc. S'holder Litig., 762 F.3d 138, 143 (1st Cir. 2014) (quoting Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994)). The third requirement, the party's explanation, "should (i) 'show good cause for the failure to have discovered the facts sooner'; (ii) 'set forth a plausible basis for believing that specific facts . . . probably exist'; and (iii) 'indicate how the emergent facts . . . will influence the outcome of the pending summary judgment motion.'" Id. "Thus, in a case involving incomplete discovery, the Rule 56(d) proffer requirements can be categorized as: 'authoritativeness, timeliness, good cause, utility, and materiality.'" Id.

Here, the plaintiffs properly filed an affidavit as is required by Rule 56(d) when requesting more discovery. The Rule 56(d) proffer was authoritative because it included an affidavit, and it was timely because it was filed before the close of discovery in this civil action. The affidavit also shows good cause for why no depositions had been taken at the time it was filed. ECF No. 64-2 at 1 ("Counsel has attempted to obtain mutually convenient dates for the taking of depositions of key witnesses with knowledge of the facts and circumstances existing at the time [of] Plaintiff's rollover incident and injuries."). It may also be true that the utility requirement is satisfied because further discovery might show that the Noble's "established policies and procedures were deficient and created an unsafe work environment." ECF No. 64-2 at 2.

However, this Court finds that the plaintiffs' Rule 56(d) proffer does not satisfy the materiality requirement. The affidavit states in relevant part as follows:

> 6. Your Affiant verily believes that discovery will show that Defendants' well pads were cited in rural locations with existing local infrastructure wholly inadequate for the rapid development, construction, and operation of marcellus shale gas wells; that existing local infrastructure was inadequate for the expected massive increase in heavy truck traffic; that Defendants knew or should have known that the rural roads, including CR26, were not designed for and were incapable of safely handling the increased demand and stress placed upon them; that the Defendants knew or should have known that their gas well operations and the vastly increased amount of heavy truck traffic constituted an impediment to their operations and created a hazardous condition for its

13

invitees, including nonemployee workers, specifically truck drivers, and created a hazardous condition for the general public; that Defendants perceiving the hazardous situation created on rural roadways by their gas well operations, established policies and procedures to be followed by contractors and their employees for the transportation of heavy equipment and materials to and from the gas well pads; that the failure of contractors or their employees to abide by such policies and procedures could be a basis for suspending and/or terminating the contracts of service providers; and that the established policies and procedures were deficient and created an unsafe work environment.

    7. Your Affiant verily believes that discovery will show that the policies and procedures put in place by Defendants were dangerously deficient and created an increased risk of serious personal injury to contractors, truck drivers, and others, including the general public.

ECF No. 64-2 at 2. Even if the plaintiffs were able to show through further discovery that Noble's policies and procedures were deficient and created an unsafe work environment, this Court would still have to grant Noble's motion for summary judgment. In its prior memorandum opinion and order on Noble's motion to dismiss, this Court left open only one issue to be developed in discovery: whether Noble's duty as a premises owner extended to the site of the accident on CR 26. The proffers in the affidavit are material to the motion for summary judgment only if Noble owed Mr. Lester a duty of care. The proffers are immaterial if Noble owed no duty of care to Mr. Lester because the accident occurred off of its premises.

The plaintiffs do not dispute in their response to Noble's motion for summary judgment or in their affidavit that the location

of Mr. Lester's accident on CR 26 was over one mile from the entrance to Noble's property off of CR 26. Thus, the sole remaining issue of whether Noble's duty as a premises owner extended to the site of the accident on CR 26 is disposed of by the location of the accident and West Virginia law holding that a defendant's duty of care does not extend to such a location. As is discussed above, West Virginia law is clear that Noble's duty of care to independent contractors, as a premises owner, did not extend to any point of CR 26, which is a public road and not part of Noble's premises.

In summary, this Court finds that the circumstances presented to this Court do not warrant an extension of discovery, and that Noble's motion for summary judgment must be granted based on the West Virginia case law on premises liability.

B. Noble's Motions in Limine

Following Noble's motion for summary judgment, Noble filed several motions in limine. ECF Nos. 94, 96, 97, 98, and 99. Because this Court grants Noble's motion for summary judgment, the motions in limine are moot at this stage. Accordingly, the pending motions in limine are denied as moot.

IV. Conclusion

For the reasons set forth above, Noble Energy, Inc.'s motion for summary judgment (ECF No. 58) is GRANTED. Accordingly, the pending motions in limine (ECF Nos. 94, 96, 97, 98, and 99) are

hereby DENIED AS MOOT.  The civil action continues to be stayed as to defendant C&J Well Services, Inc.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter as to Noble.

DATED:    May 10, 2018


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE